UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY MICHAEL GIOIOSA, | Case No. 3:23-cv-00057-ART-CLB |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 4) AND DISMISSING WITHOUT PREJUDICE |
| v. | |
| MOTION TO SUCCESSOR, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Anthony Michael Gioiosa, an inmate in the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla Baldwin (ECF No. 4), recommending the dismissal of this action without prejudice because Mr. Gioiosa failed to pay the filing fee or submit an application to proceed *in forma pauperis*, as required by Court order. (ECF No. 3.) Plaintiff had until June 22, 2023 to file an objection to Judge Baldwin's R&R. (ECF No. 4 at 3.) To date, no objection has been filed. For this reason, and as explained below, the Court adopts the R&R and dismisses the present action without prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia,* 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis

in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends dismissal without prejudice because Mr. Gioiosa failed to pay the mandatory filing fee or submit an application to proceed *in forma pauperis*.

A court may dismiss an action based on a party's failure to comply with a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action, a Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987); *Ferdik*, 963 F.2d at 1260-61; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Judge Baldwin considered each of these factors and found that factors (1) through (3) weighed in favor of dismissal and factor (5) was satisfied by the Court's notice to Mr. Gioiosa that he risked dismissal if he failed to comply with the Court's order. (ECF No. 4 at 2; ECF No. 3.) Though Judge Baldwin found factor (4) weighed against dismissal, she also found it was significantly outweighed by the other factors. (ECF No. 4 at 2.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

\\

\\

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

1    It is further ordered that this case is dismissed, without prejudice. The
2 Court Clerk is directed to enter judgment accordingly and close the case.
3    DATED THIS 13th Day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE